GLENN J. WILLIAMS, ESQ. (ATTORNEY ID 69088)
**WILLIAMS, GRAFFEO & STERN, LLC**
60 Washington Street
Morristown, New Jersey 07960
(973) 200-6350

*Attorneys for Plaintiff,*
*Christopher Smith*

### IN THE UNITED STATES DISTRICT COURT
### FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| CHRISTOPHER SMITH, | Civil Action No. |
| Plaintiff, | CIVIL ACTION |
| vs | |
| THE FINTEX GROUP LLC and ANDREW WEINSTEIN | **COMPLAINT FOR DAMAGES** |
| Defendants. | **JURY TRIAL DEMANDED** |

Plaintiff, Christopher Smith, by and through their undersigned counsel, Williams, Graffeo & Stern, LLC, as and for its Complaint against Defendants The Fintex Group LLC and Andrew Weinstein (hereinafter "Defendants"), allege and state as follows:

### NATURE OF ACTION

1. This action arises out of Plaintiff, Christopher Smith's, claims against Defendants, The Fintex Group, LLC and Andrew Weinstein, for fraudulent inducement, breach of contract, unjust enrichment, promissory estoppel, and violation of wage and hour statutes. The Plaintiff was fraudulently induced to serve as a Senior Operating Partner to the Defendant, with promises of payment, which were subsequently unfulfilled.

1

## PARTIES

2. Plaintiff, Christopher Plaintiff Christopher Smith ("**Smith**" or "Plaintiff Smith") is an adult individual residing in Easton, Pennsylvania.

3. Defendant The Fintex Group, LLC ("**Fintex**") is a Delaware limited liability company with a registered agent at 1521 Concord Pike, Suite 201 Wilmington, DE 19803, and doing business nationally, including in the State of Pennsylvania, and internationally.

4. Defendant Andrew Weinstein ("**Drew**") is an individual residing at 11 Makin Grade, Ross, California 94957.

## JURISDICTION AND VENUE

5. This Court has jurisdiction over the subject matter of this action pursuant to 28 U.S.C. 1332 (a)(1) as Plaintiff is a citizen of Pennsylvania, Defendant Fintex is a resident of the State of Delaware, and Defendant Andrew Weinstein is a resident of the State of California and the amount in controversy exceeds $75,000.

6. Personal jurisdiction exists over Defendants because they conducted business in the State of Pennsylvania, including hiring Plaintiff, a resident of the State of Pennsylvania. Defendant Andrew Weinstein, individually and in his capacity as a representative of Fintex, made material misrepresentations to Plaintiff Smith regarding the terms of employment, including but not limited to promises of compensation, position responsibilities, and the financial health of Fintex. These misrepresentations were made directly to Smith in Pennsylvania, where he relied upon them to his detriment. Drew's deliberate engagement and fraudulent conduct directed toward Plaintiff Smith in Pennsylvania provide a substantial connection to the state.

7. Venue lies within this judicial district pursuant to 28 U.S.C 139 (b)(2), as a substantial

part of the events alleged herein took place within this judicial district.

## FACTUAL BACKGROUND

8. In January 2023, Plaintiff was approached by Drew to join Fintex as a Senior Operating Partner. This offer was based on promises of equity and a share in the company's financial success, along with additional incentives including board seats and advisory roles in multiple target companies.

9. Despite the absence of a formal written agreement at the commencement of his employment, Plaintiff accepted the position relying on the Defendants' assurances that were provided via email, and additional assurances that the necessary documentation memorializing the agreed upon terms was being prepared by Fintex' legal counsel.

10. Almost immediately Plaintiff began following Drew's instructions and worked on behalf of Fintex in devoting all of his time to performing significant tasks, including diligence, for numerous companies including Baia, SnapB2B, ActiveWorx, Mymo, Dave.com, and Global Payments.

11. Plaintiff worked for nine (9) months without compensation, based on the repeated misrepresentation that a sizeable transaction was imminent, at which point the company would have sufficient capital to pay Plaintiff's accrued compensation. During this period, Plaintiff incurred significant out-of-pocket expenses related to business travel.

12. The Defendants' unilateral decision-making, lack of transparency, and unethical practices significantly undermined the professional relationship between Mr. Smith and Fintex, leading to Smith's decision to terminate his employment with the company in September 2023.

13. In reliance upon the Defendant's commitments, Mr. Smith had previously discontinued his successful consulting business, which had been generating a steady income of approximately $1.2 million annually. His decision was made in good faith, trusting in the future prospects of the Company, as continually represented by Drew, and the integrity of its leadership. Unfortunately, this trust was misplaced, and the promises made to Smith were not kept, resulting in a significant and quantifiable loss of business income.

14. On information and belief, Fintex and Weinstein, either directly or through alter ego companies that they have created, including but not limited to HarmoneyPop ServiceCo LLC, have consummated transactions with Global Payments and SnapB2B and, in doing so, utilized all of the work and efforts undertaken by Mr. Smith. Notwithstanding previous representations and assurances of compensation for such efforts, no compensation has been paid to Mr. Smith.

## AS AND FOR A FIRST CAUSE OF ACTION

### FRAUDULENT INDUCEMENT
**(Against Andrew Weinstein and The Fintex Group LLC)**

15. Plaintiff repeats and realleges the allegations contained in paragraphs 1 through 14 as though fully set forth herein.

16. Defendant Fintex, directly through its executive Andrew Weinstein, made specific representations to Plaintiff about the terms of his employment. These included promises of significant equity stakes, substantial shares in the company's financial success, prestigious board seats, advisory roles in target companies, and substantial financial compensation.

17. These representations were made both verbally in meetings beginning in January 2023 and continuing through September 2023, and through written communications, including emails and WhatsApp communications.

18. Defendant Fintex and its representatives made these representations with knowledge of their falsehood, or with reckless disregard for their truth, to induce Plaintiff Smith to abandon his successful consulting business and commit his full professional energies to Fintex.

19. Relying on these false representations, Plaintiff Smith accepted the offered position, ceased operations of his consulting business, and dedicated extensive time and resources to Fintex without compensation. This reliance was to Plaintiff's significant detriment, causing losses exceeding $650,000, inclusive of lost business income, uncompensated labor, and direct out-of-pocket expenses incurred in furtherance of Defendant Fintex's business.

WHEREFORE, Plaintiff demands judgment against Defendant Fintex for compensatory, consequential, punitive, and incidental damages in excess of $650,000, plus pre and post-interest, costs, attorney fees, and any other relief the Court deems just and proper.

### AS AND FOR A SECOND CAUSE OF ACTION
### BREACH OF CONTRACT
**(Against Defendant The Fintex Group LLC)**

20. Plaintiff repeats and realleges the allegations in app_f.pdf Paragraphs 1 through 19 as app_f.pdf though fully set forth herein.

5

21. In January 2023, Plaintiff entered into a verbal employment agreement with Defendant Fintex, subsequently confirmed through various written communications including email, which constituted an implied contract under the law. Despite Plaintiff's repeated requests for access to his Fintex email account, which communications memorialize the terms discussed and agreed upon, the Defendants refuse to provide same. The agreement included, *inter alia*, specific terms regarding Plaintiff's position as Senior Operating Partner, compensation package, equity share, and additional benefits contingent upon performance and business outcomes.

22. Despite Plaintiff's full compliance with the agreement's terms—dedicating his full-time and resources to Fintex, securing potential business deals, and advancing the company's market position—Defendants breached their agreement by failing to provide the agreed-upon compensation, equity, and benefits.

23. As a direct and proximate result of Defendants' breach, Plaintiff has suffered damages in excess of $650,000, representing the value of the promised but undelivered compensation package.

WHEREFORE, Plaintiff demands judgment against Defendant Fintex for compensatory, consequential, incidental damages in excess of $650,000, plus pre and post-interest, costs, attorney fees, and any other relief the Court deems just and proper.

### AS AND FOR A THIRD CAUSE OF ACTION
### UNJUST ENRICHMENT
**(Against Defendant The Fintex Group LLC)**

24. Plaintiff repeats and realleges the allegations contained in paragraphs 1 through 23 as if fully set forth herein.

25. Through his extensive efforts, Plaintiff Smith provided valuable services, insights, and business opportunities to Defendant Fintex, significantly contributing to its operational and strategic positioning without receiving the promised compensation, equity, or any form of remuneration.

26. Defendant Fintex, fully aware of Plaintiff's expectations for compensation as per their verbal and implied agreement, has been unjustly enriched by retaining the benefits of Plaintiff's contributions without providing the agreed-upon compensation.

27.  It would be inequitable and unconscionable for Defendant Fintex to retain these benefits without adequately compensating Plaintiff Smith.

28. Plaintiff seeks restitution and fair compensation for the enrichment unjustly retained by Defendant Fintex, in an amount to be determined at trial, reflecting the full value of the benefits conferred.

WHEREFORE, Plaintiff demands restitution and compensation for the enrichment unjustly retained by Defendant Fintex, in an amount to be determined at trial.

### AS AND FOR A FOURTH CAUSE OF ACTION
### PROMISSORY ESTOPPEL
**(Against Defendant The Fintex Group LLC)**

29. Plaintiff repeats and realleges the allegations contained in paragraphs 1 through 28 as if fully set forth herein.

30. Defendant Fintex made promises to Plaintiff Smith, which were reasonably and foreseeably relied upon by Plaintiff Smith, causing him to take significant action to his detriment.

31. Justice requires that Plaintiff Smith be compensated for his reliance on the Defendant's promises.

WHEREFORE, Plaintiff demands judgment against Defendant Fintex for reliance damages in an amount to be determined at trial, but not less than $650,000.

### AS AND FOR A FIFTH CAUSE OF ACTION
### VIOLATIONS OF PENNSYLVANIA'S WAGE AND HOUR STATUTES

32. Plaintiff repeats and realleges the allegations contained in paragraphs 1 through 31 as if fully set forth herein.

33. Plaintiff was employed by Defendant Fintex as Senior Operating Partner, working from January 2023 to September 2023. During this period, Plaintiff was an employee as defined under the Pennsylvania Minimum Wage Act ("PMWA"), 43 Pa. Stat. § 333.101, et seq., and the Pennsylvania Wage Payment and Collection Law ("PWPCL"), 43 Pa. Stat. § 260.1 et seq.

34. Plaintiff seeks relief under the PMWA and the PWPCL, which, along with common law, are collectively referred to as the "Pennsylvania Wage Laws."

35. Throughout Plaintiff's employment, Defendant Fintex failed to pay Plaintiff for all hours worked, including regular wages and overtime compensation, in violation of the Pennsylvania Wage Laws. Specifically, Defendant Fintex did not compensate Plaintiff for nine (9) months of work that he performed, thereby failing to comply with statutory requirements.

36. Defendant Fintex's conduct in failing to pay Plaintiff all wages and overtime compensation due was willful and intentional, demonstrating a reckless disregard for the rights of Plaintiff under the Pennsylvania Wage Laws. As a result of Defendant's unlawful actions, Plaintiff has suffered financial losses, including lost and unpaid wages and overtime compensation.

WHEREFORE Plaintiff demands judgment against Defendant Fintex for (a) Damages for lost and unpaid wages and overtime to the fullest extent permitted under the law but in an amount not less than $650,000; (b) Liquidated damages, prejudgment interest, and monetary penalties to the fullest extent permitted under the law; (c) Litigation costs, expenses and attorneys' fees to the fullest extent permitted under the law; and (d) Such other and further relief as this Court deems just and proper.

        **WILLIAMS, GRAFFEO & STERN, LLC**
        Attorneys for Plaintiff

        By: */s/ Glenn J. Williams*
            Glenn J. Williams, Esq.

Dated: May 17, 2024