# IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **CHRISTOPHER SMITH,** | : | |
| | : | **Civil Action No. 5:24-cv-02134-JFL** |
| *Plaintiff/ Counterclaim-Defendant,* | : | |
| | : | **CIVIL ACTION** |
| **vs** | : | |
| | : | |
| **THE FINTEX GROUP LLC and ANDREW WEINSTEIN** | : | **JURY TRIAL DEMANDED** |
| | : | |
| | : | |
| *Defendants/Counterclaim-Plaintiffs* | : | |

---

## PLAINTIFF/ COUNTERCLAIM-DEFENDANT'S ANSWER AND AFFIRMATIVE DEFENSES TO COUNTERCLAIM

---

Plaintiff/ Plaintiff/ Plaintiff/ Counterclaim-Defendant, Christopher Smith ("**Plaintiff**" or "**Smith**"), through his counsel, Williams, Graffeo & Stern LLC, submits this Answer and Affirmative Defenses to the Counterclaim filed by Defendants/ Counterclaim-Plaintiffs, The Fintex Group LLC ("**Fintex**") and Andrew Weinstein ("**Weinstein**")(collectively "**Defendants**"):

## PARTIES

1. Admitted.

2. Plaintiff admits that the Fintex Group LLC is a Delaware limited liability company but lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 2.

3. Admitted.

## JURISDICTION

4. The allegations set forth in Paragraph 4 of the Counterclaim state a legal conclusion for which no response is required. To the extent a further response is required, Plaintiff denies the allegations contained in Paragraph "4" of the Counterclaim.

## VENUE

5. The allegations set forth in Paragraph 5 of the Counterclaim state a legal conclusion for which no response is required. To the extent a further response is required, Plaintiff denies the allegations contained in Paragraph 5 of the Counterclaim.

## FACTUAL BACKGROUND

6. Plaintiff admits that he met Defendant Weinstein in 2021,but denies the remaining allegations in Paragraph 6 of the Counterclaim. In further answer, Defendant Weinstein was terminated from his position at Convera. Plaintiff was not terminated from Convera. Rather, Plaintiff served as a consultant to Convera, and the parties mutually agreed not to extend the contract term, as Plaintiff was moving on to join Weinstein with his new endeavor.

7. Plaintiff denies the allegation in Paragraph 7 of the Counterclaim. In further answer, Defendant Weinstein was terminated from his position at Convera.

8. Plaintiff denies the allegation in Paragraph 8 of the Counterclaim. In further answer, Plaintiff was not terminated from Convera, as he served as a consultant to Convera, and the parties mutually agreed not to extend the contract term, as Plaintiff was moving on to join Weinstein with his new endeavor.

9. Plaintiff denies the allegation in Paragraph 9 of the Counterclaim. In further answer, Plaintiff was not terminated from Convera, as he served as a consultant to Convera, and the parties mutually agreed not to extend the contract term, as Plaintiff was moving on to join Weinstein with his new endeavor. Additionally, Weinstein approached Plaintiff about joining him as an Operating Partner at Fintex.

10. Plaintiff denies the allegation in Paragraph 10 of the Counterclaim. In further response, Defendants made material misrepresentations to Plaintiff Smith regarding the terms of employment, including but not limited to promises of compensation, position responsibilities, and the financial health of Fintex. Weinstein was relentless in his urgency to consummate any deal.

11. Plaintiff denies the allegation in Paragraph 11 of the Counterclaim. In further response, the allegation in paragraph 11 appears to refer to the contents of a yet to be produced document which speaks for itself.

12. Plaintiff denies the allegation in Paragraph 12 of the Counterclaim. In further response, at the outset of the employment relationship and as Weinstein tried to get Plaintiff to support his efforts and concoct and dangle compensation scenarios, Plaintiff tried to reduce any financial burden on Weinstein and Fintex in good faith. The compensation to Plaintiff for his role as an "Operating Partner" that was discussed included (a) A six-figure base income from Fintex or $250,000 to $350,000; (b) Consulting fees for services for all Go-To-Market

work to support the Portfolio Companies ("Portco") which would reduce the cash burden on Fintex; (c) Director Fees; (d) Equity in both Fintex across all Portco's, with additional equity in Portco's where Plaintiff had direct involvement; and (e) performance payments for exceeding growth targets.

13. Plaintiff denies the allegation in Paragraph 13 of the Counterclaim.

14. Plaintiff admits that Fintex was formed in 2023. Plaintiff denies the remaining allegations in Paragraph 14 of the Counterclaim, specifically denying any characterization of the formation of Fintex as a "potential venture" or any other characterizations that are inconsistent with the facts as admitted.

15. Plaintiff denies the allegation in Paragraph 15 of the Counterclaim.

16. Plaintiff denies the allegation in Paragraph 16 of the Counterclaim.

17. Plaintiff denies the allegation in Paragraph 17 of the Counterclaim.

18. Plaintiff denies the allegations in Paragraph 18 of the Counterclaim.

19. Plaintiff admits that he did not sign an employment agreement, and denies the remaining allegations in Paragraph 19 of the Counterclaim.

20. Plaintiff denies the allegations in Paragraph 20 of the Counterclaim. By way of further response, Plaintiff states that Smith worked under the direction of Weinstein and at all times relevant performed the services and functions as requested by Defendants.

21. Plaintiff denies the allegations in Paragraph 21 of the Counterclaim. By way of further response, Plaintiff states that Weinstein lauded his work in front of the team at ActiveWorx including during a site visit. In written correspondence, including after Plaintiff left Fintex, Weinstein continued to laud Plaintiff in statements including "You are awesome. Thanks for all your thought partnership" and "I have deeply enjoyed working with you over the

last couple years. You are thoughtful, dogged, collaborative and a consummate professional. You define Grit!".

22. Plaintiff denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 22 of the Counterclaim and leaves Defendants to their proofs.

23. Plaintiff admits that it worked on due diligence in connection with the proposed ActiveWorx transaction, and otherwise denies the allegations in Paragraph 23 of the Counterclaim. By way of further response, Plaintiff states that Weinstein directed that Plaintiff lead the due diligence, and all efforts were done under the direction and control of Defendants.

24. Plaintiff admits that Loeb & Loeb LLP served as general counsel to Fintex, including, according to Defendants, preparing drafts of Plaintiff's Operating Partner agreement, and otherwise denies the allegations in Paragraph 24 of the Counterclaim. By way of further response, Plaintiff states that he did not "occasionally confer" with Weinstein, but rather was in near constant communication with Defendant Weinstein to report on various due diligence tasks that had been assigned. Plaintiff did not provide any direction to Loeb & Loeb and was not involved in engaging their services.

25. Plaintiff denies the allegation in Paragraph 25 of the Counterclaim.

26. Plaintiff denies the allegation in Paragraph 26 of the Counterclaim.

27. Plaintiff denies the allegation in Paragraph 27 of the Counterclaim By way of further response, Plaintiff states that the Atlantic Community Bankers Bank ("ACBB") was not involved in the ActiveWorx transaction. Rather, Weinstein required Plaintiff to meet with ACBB to attempt to establish a vCard deal with their member banks and B2B customers.

28. Plaintiff denies the allegation in Paragraph 28 of the Counterclaim. By way of further response, Plaintiff states that the decision to retain counsel was Weinstein's alone.

29. Plaintiff admits the allegation in Paragraph 29 of the Counterclaim.

30. Plaintiff denies the allegation in Paragraph 30 of the Counterclaim.

31. Plaintiff denies the allegation in Paragraph 31 of the Counterclaim.

32. Plaintiff denies the allegations in Paragraph 32 of the Counterclaim.

33. Plaintiff denies the allegations in Paragraph 33 of the Counterclaim.

34. Plaintiff denies the allegations in Paragraph 34 of the Counterclaim.

35. Plaintiff denies the allegations in Paragraph 35 of the Counterclaim.

36. Plaintiff denies the allegations in Paragraph 36 of the Counterclaim.

37. Plaintiff denies the allegations in Paragraph 37 of the Counterclaim.

38. Plaintiff denies the allegations in Paragraph 38 of the Counterclaim.

39. Plaintiff denies the allegations in Paragraph 39 of the Counterclaim. By way of further response, Plaintiff states that all financial modeling work related to GPN was collaboratively developed between Mr. Smith and other members of the team, particularly Weinstein. The work was reviewed and co-created, including during in-person meetings in early May 2023, as evidenced by travel records and communications between the parties.

40. Plaintiff denies the allegations in Paragraph 40 of the Counterclaim. By way of further response, Plaintiff states that the finance team at GPN raised concerns about the model for reasons unrelated to Mr. Smith's work, including GPN's prior issues with failed marketing arrangements, such as those involving ParkHub, as discussed with James Laurie. The situation was driven by factors beyond Mr. Smith's control.

41. Plaintiff denies the allegations in Paragraph 41 of the Counterclaim. By way of further response, Plaintiff states that any difficulties encountered in finalizing the deal were due to external issues and negotiations, not because of Mr. Smith's work on the model. Collaboration with other team members, including Weinstein, was ongoing throughout the process.

42. Plaintiff denies the allegations in Paragraph 42 of the Counterclaim. By way of further response, Plaintiff states that GPN's reduction of its initial offer and introduction of performance provisions were influenced by Weinstein's negotiation tactics and GPN's prior experiences with failed deals, not by any deficiencies in Mr. Smith's work.

43. Plaintiff denies the allegations in Paragraph 43 of the Counterclaim. By way of further response, Plaintiff states that the meeting with the CEO of IFI did not occur due to external limitations, including delays from TSYS in issuing keys necessary for development work on the SnapB2B system. These delays were beyond Mr. Smith's control, and any resulting frustration was related to these factors, not to any schism between Mr. Smith and other co-venturers.

44. Plaintiff denies the allegations in Paragraph 44 of the Counterclaim. By way of further response, Plaintiff states that Mr. Smith did not leave the professional function abruptly or without explanation. The issues at that time stemmed from delays and unfulfilled commitments by other external parties, not from any failure on Mr. Smith's part. The suggestion that Mr. Smith's departure was due to dissatisfaction with his efforts is untrue. The real issue was that Weinstein consistently failed to execute and manipulated the situation. This is evidenced by his championing of the flawed "volume hack" for iStream Financial Services and his unilateral entry into a $1.5 million investment agreement for

Delos Financial Technologies without securing access to capital. Weinstein's actions forced others to defer income to fulfill obligations, all under the perpetual promise of a Partner Agreement that never materialized. In contrast, Mr. Smith has a consistent and well-regarded reputation for creating substantial value for companies globally, leveraging his expertise in business and go-to-market strategy. His immediate return to his successful consulting practice further underscores his abilities. Drew, on the other hand, has a history of acrimonious exits from companies, including Convera.

45. Plaintiff denies the allegations in Paragraph 45 of the Counterclaim. By way of further response, Plaintiff states that Mr. Smith had only two calls with the CEO of IFI, both of which were productive and resulted in commitments. These included ensuring that SnapB2B delivered on its promises and scheduling a meeting in August 2023 to develop a plan for onboarding IFI's clients to the SnapB2B platform. Mr. Smith's work directly benefitted Fintex and the related projects, and if Mr. Laurie successfully reengaged with the CEO of IFI, it was facilitated by the groundwork laid by Mr. Smith, not in spite of it.

46. Plaintiff denies the allegations in Paragraph 46 of the Counterclaim.

47. Plaintiff denies the allegations in Paragraph 47 of the Counterclaim.

48. Plaintiff denies the allegations in Paragraph 48 of the Counterclaim.

49. Plaintiff denies the allegations in Paragraph 49 of the Counterclaim.

50. Plaintiff denies the allegations in Paragraph 50 of the Counterclaim.

## COUNT I
## BREACH OF FIDUCIARY DUTY

51. Plaintiff repeats incorporate by reference their responses to the allegations in the preceding paragraphs as though set forth in full herein.

52. The allegations set forth in Paragraph 52 of the Counterclaim state a legal conclusion for which no response is required. To the extent a further response is required, Defendants deny the allegations contained in Paragraph 52 of the Counterclaim.

53. Plaintiff denies the allegations and legal conclusions in Paragraph 53 of the Counterclaim.

54. Plaintiff denies the allegations and legal conclusions in Paragraph 54 of the Counterclaim.

55. Plaintiff denies the allegations and legal conclusions in Paragraph 54 of the Counterclaim.

**WHEREFORE**, Plaintiff hereby demands judgment in his favor and respectfully requests that this Court:

a. Dismiss the Counterclaim in its entirety, with prejudice, without costs or attorney fees to Defendants;

b. Deny each and every demand, claim and prayer for relief contained in the Counterclaim;

c. Award to Plaintiff reimbursement for reasonable attorney fees and costs incurred in defending this meritless action; and

d. Grant such other and further relief as this Court deems just and proper.

## COUNT II
## TORTIOUS INTERFERENCE WITH PROSPECTIVE BUSINESS RELATIONS

56. Plaintiff repeats incorporate by reference their responses to the allegations in the preceding paragraphs as though set forth in full herein.

57. Plaintiff denies the allegations and legal conclusions in Paragraph 57 of the Counterclaim.

58. Plaintiff denies the allegations and legal conclusions in Paragraph 58 of the Counterclaim.

59. Plaintiff denies the allegations and legal conclusions in Paragraph 59 of the Counterclaim.

60. Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 60 of the Complaint and leave Defendants to their proofs.

61. Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 61 of the Complaint and leave Defendants to their proofs.

62. Plaintiff denies the allegations and legal conclusions in Paragraph 62 of the Counterclaim.

63. Plaintiff denies the allegations and legal conclusions in Paragraph 63 of the Counterclaim.

64. Plaintiff denies the allegations and legal conclusions in Paragraph 64 of the Counterclaim.

**WHEREFORE**, Plaintiff hereby demands judgment in his favor and respectfully requests that this Court:

a. Dismiss the Counterclaim in its entirety, with prejudice, without costs or attorney fees to Defendants;

b. Deny each and every demand, claim and prayer for relief contained in the Counterclaim;

c. Award to Plaintiff reimbursement for reasonable attorney fees and costs incurred in defending this meritless action; and

d. Grant such other and further relief as this Court deems just and proper.


## COUNT III
## BREACH OF FIDUCIARY DUTY (ACTIVEWORX)

65. Plaintiff repeats incorporate by reference their responses to the allegations in the preceding paragraphs as though set forth in full herein.

66. Plaintiff denies the allegations and legal conclusions in Paragraph 66 of the Counterclaim.

67. Plaintiff denies the allegations and legal conclusions in Paragraph 67 of the Counterclaim.

68. Plaintiff denies the allegations and legal conclusions in Paragraph 68 of the Counterclaim.

69. Plaintiff denies the allegations and legal conclusions in Paragraph 69 of the Counterclaim.

**WHEREFORE**, Plaintiff hereby demands judgment in his favor and respectfully requests that this Court:

    a.   Dismiss the Counterclaim in its entirety, with prejudice, without costs or attorney fees to Defendants;

    b.   Deny each and every demand, claim and prayer for relief contained in the Counterclaim;

    c.   Award to Plaintiff reimbursement for reasonable attorney fees and costs incurred in defending this meritless action; and

    d.   Grant such other and further relief as this Court deems just and proper.

**COUNT IV**
**FRAUDULENT CONCEALMENT**

70. Plaintiff repeats incorporate by reference their responses to the allegations in the preceding paragraphs as though set forth in full herein.

71. Plaintiff denies the allegations and legal conclusions in Paragraph 71 of the Counterclaim.

72. Plaintiff denies the allegations and legal conclusions in Paragraph 72 of the Counterclaim.

73. Plaintiff denies the allegations and legal conclusions in Paragraph 73 of the Counterclaim.

74. Plaintiff denies the allegations and legal conclusions in Paragraph 74 of the Counterclaim.

75. Plaintiff denies the allegations and legal conclusions in Paragraph 75 of the Counterclaim.

76. Plaintiff denies the allegations and legal conclusions in Paragraph 76 of the Counterclaim.

**WHEREFORE**, Plaintiff hereby demands judgment in his favor and respectfully requests that this Court:

a. Dismiss the Counterclaim in its entirety, with prejudice, without costs or attorney fees to Defendants;

b. Deny each and every demand, claim and prayer for relief contained in the Counterclaim;

c. Award to Plaintiff reimbursement for reasonable attorney fees and costs incurred in defending this meritless action; and

d. Grant such other and further relief as this Court deems just and proper.


## COUNT V
## NEGLIGENT MISREPRESENTATIONS

77. Plaintiff repeats incorporate by reference their responses to the allegations in the preceding paragraphs as though set forth in full herein.

78. Plaintiff denies the allegations and legal conclusions in Paragraph 78 of the Counterclaim.

79. Plaintiff denies the allegations and legal conclusions in Paragraph 79 of the Counterclaim.

80. Plaintiff denies the allegations and legal conclusions in Paragraph 80 of the Counterclaim.

81. Plaintiff denies the allegations and legal conclusions in Paragraph 81 of the Counterclaim.

82. Plaintiff denies the allegations and legal conclusions in Paragraph 82 of the Counterclaim.

83. Plaintiff denies the allegations and legal conclusions in Paragraph 83 of the Counterclaim.

**WHEREFORE**, Plaintiff hereby demands judgment in his favor and respectfully requests that this Court:

a. Dismiss the Counterclaim in its entirety, with prejudice, without costs or attorney fees to Defendants;

b. Deny each and every demand, claim and prayer for relief contained in the Counterclaim;

c.  Award to Plaintiff reimbursement for reasonable attorney fees and costs incurred in defending this meritless action; and

d.  Grant such other and further relief as this Court deems just and proper.

## COUNT VI
## INTENTIONAL MISREPRESENTATION

84. Plaintiff repeats incorporate by reference their responses to the allegations in the preceding paragraphs as though set forth in full herein.

85. Plaintiff denies the allegations and legal conclusions in Paragraph 85 of the Counterclaim.

86. Plaintiff denies the allegations and legal conclusions in Paragraph 86 of the Counterclaim.

87. Plaintiff denies the allegations and legal conclusions in Paragraph 87 of the Counterclaim.

88. Plaintiff denies the allegations and legal conclusions in Paragraph 88 of the Counterclaim.

89. Plaintiff denies the allegations and legal conclusions in Paragraph 89 of the Counterclaim.

90. Plaintiff denies the allegations and legal conclusions in Paragraph 90 of the Counterclaim.

91. Plaintiff denies the allegations and legal conclusions in Paragraph 91 of the Counterclaim.

**WHEREFORE**, Plaintiff hereby demands judgment in his favor and respectfully requests that this Court:

a.  Dismiss the Counterclaim in its entirety, with prejudice, without costs or attorney fees to Defendants;

b.  Deny each and every demand, claim and prayer for relief contained in the Counterclaim;

c.  Award to Plaintiff reimbursement for reasonable attorney fees and costs incurred in defending this meritless action; and

d.  Grant such other and further relief as this Court deems just and proper.

# AFFIRMATIVE DEFENSES

## First Affirmative Defense

The counterclaims fail to state a claim, in whole or in part, upon which relief can be granted.

## Second Affirmative Defense

The Defendants/ Counterclaim-Plaintiffs are estopped from asserting these counterclaims by their own actions, conduct, representations, or omissions.

## Third Affirmative Defense

Defendants/ Counterclaim-Plaintiffs waived their rights to pursue these claims through their actions and conduct.

## Fourth Affirmative Defense

The Defendants/ Counterclaim-Plaintiffs claims are barred, in whole or in part, by the doctrine of unclean hands, as they engaged in conduct that contributed to the alleged issues.

## Fifth Affirmative Defense

The counterclaims are barred by the doctrine of laches, as Defendants/ Counterclaim-Plaintiffs unreasonably delayed in asserting their claims, causing prejudice to the Plaintiff Counterclaim-Defendant.

## Sixth Affirmative Defense

Any damages claimed by Defendants/ Counterclaim-Plaintiffs were not proximately caused by Plaintiff/ Counterclaim-Defendant's conduct, and any recovery should be barred or reduced accordingly.

### Seventh Affirmative Defense

Defendants/ Counterclaim-Plaintiffs failed to mitigate their alleged damages, and any recovery should be reduced or barred accordingly.

### Eighth Affirmative Defense

Plaintiff/ Counterclaim-Defendant did not owe a fiduciary duty to Counterclaim-Plaintiffs, and any claim based on breach of fiduciary duty fails as a matter of law.

### Ninth Affirmative Defense

Any alleged damages were caused by Defendants/ Counterclaim-Plaintiffs' own contributory negligence or fault, which bars or reduces any recovery.

### Tenth Affirmative Defense

The counterclaims are barred by the economic loss doctrine, as Defendants/ Counterclaim-Plaintiffs seek to recover economic losses that are not recoverable in tort.

### Eleventh Affirmative Defense

Any recovery by Defendants/ Counterclaim-Plaintiffs must be set off or reduced by amounts owed to Plaintiff/ Counterclaim-Defendant for expenses, costs, or losses caused by Defendants/ Counterclaim-Plaintiffs' actions.

### Twelfth Affirmative Defense

Defendants/ Counterclaim-Plaintiffs assumed the risk of the alleged damages through their voluntary actions and decisions.

### Thirteenth Affirmative Defense

Performance of any alleged obligations by Plaintiff/ Counterclaim-Defendant was rendered impossible due to circumstances beyond their control.

## Fourteenth Affirmative Defense

The damages claimed by Defendants/ Counterclaim-Plaintiffs are speculative, uncertain, and not recoverable under applicable law.

## Fifteenth Affirmative Defense

Plaintiff/ Counterclaim-Defendant acted in good faith and with reasonable grounds at all times relevant to the allegations, precluding liability.

## Sixteenth Affirmative Defense

Defendants/ Counterclaim-Plaintiffs did not justifiably rely on any alleged misrepresentation or omission by Plaintiff/ Counterclaim-Defendant. The claims for fraud fail because Defendants/ Counterclaim-Plaintiffs' reliance was not reasonable or justifiable under the circumstances.

## Seventeenth Affirmative Defense

Any statements or representations made by Plaintiff/ Counterclaim-Defendant were true or substantially true at the time they were made, precluding any claim for fraud or misrepresentation.

## Eighteenth Affirmative Defense

The fraud-based counterclaims fail to meet the heightened pleading standards required by Federal Rule of Civil Procedure 9(b), which mandates that fraud be pleaded with particularity.

## Nineteenth Affirmative Defense

Plaintiff/ Counterclaim-Defendant did not act with the intent to deceive or defraud Defendants/ Counterclaim-Plaintiffs.

### Twentieth Affirmative Defense

Any agreements or promises made by Plaintiff/ Counterclaim-Defendant lack valid consideration, barring the counterclaims.

### Twenty-First Affirmative Defense

Any alleged misrepresentations were opinions, estimates, or predictions about future events, rather than statements of fact, and thus cannot form the basis of a fraud claim.

### Twenty-Second Affirmative Defense

Plaintiff/ Counterclaim-Defendant did not know or have reason to know that any statements or representations were false at the time they were made.

### Twenty-Third Affirmative Defense

Plaintiff/ Counterclaim-Defendant did not have a duty to disclose the information that Defendants/ Counterclaim-Plaintiffs allege was fraudulently concealed, precluding liability for fraudulent concealment.

### Twenty-Fourth Affirmative Defense

The fraud claims are barred by the doctrine of *in pari delicto*, as Defendants/ Counterclaim-Plaintiffs were equally or more at fault in connection with the alleged fraudulent conduct.

### Twenty-Fifth Affirmative Defense

Defendants/ Counterclaim-Plaintiffs did not suffer any detriment or damage as a result of reliance on any alleged misrepresentation or omission by Plaintiff/ Counterclaim-Defendant.

### Twenty-Sixth Affirmative Defense

Defendants/ Counterclaim-Plaintiffs waived any right to claim fraud by failing to take timely action upon discovering the alleged fraud or by accepting the benefits of the transaction despite knowledge of the alleged misrepresentation.

### Twenty-Seventh Affirmative Defense

Defendants/ Counterclaim-Plaintiffs ratified the allegedly fraudulent conduct by continuing to engage in the transaction or by accepting its benefits with knowledge of the facts they now claim were fraudulent.

### Twenty-Eighth Affirmative Defense

The alleged fraudulent conduct by Plaintiff/ Counterclaim-Defendant did not proximately cause the damages claimed by Defendants/ Counterclaim-Plaintiffs.

### Twenty-Ninth Affirmative Defense

Defendants/ Counterclaim-Plaintiffs' claims are barred, in whole or in part, by Defendants/ Counterclaim-Plaintiffs own acts or omissions.

### Thirtieth Affirmative Defense

Plaintiff/ Counterclaim-Defendant at all times acted with good faith, on reasonable grounds, and without any intent to harm.

### Thirty-First Affirmative Defense

Plaintiff/ Counterclaim-Defendant made no statements to Defendants/Counterclaim-Plaintiffs that it knew, or should have known, were false, deceptive, or misleading.

### Thirty-Second Affirmative Defense

Defendants/ Counterclaim-Plaintiffs' claims are barred by the doctrine of excuse or justification.

### Thirty-Third Affirmative Defense

Defendants/ Counterclaim-Plaintiffs claims are barred, in whole or in part, as a matter of setoff in connection with fees, costs, and expenses incurred by Plaintiff/ Counterclaim-Defendant to correct and complete any services that the Defendants/ Counterclaim-Plaintiffs may have failed to perform properly.

### Thirty-Fourth Affirmative Defense

Plaintiff/ Counterclaim-Defendant reserves the right to supplement this Answer and Affirmative Defenses with additional defenses that may become available or apparent during investigation, discovery, or trial preparation.

**WHEREFORE**, Plaintiff/Counterclaim-Defendant demands the entry of judgment in its favor and against Defendants, together with such other relief as the Court deems just and proper.

Respectfully submitted,

**WILLIAMS, GRAFFEO & STERN LLC**

By: */s/ Brian Graffeo*
Brian Graffeo (Admitted pro hac vice)
Lauren E. Komsa (Admitted pro hac vice)
Glenn J. Williams (I.D. 69088)
60 Washington Street, Suite 204
Morristown, NJ 07960
(973) 200-6350
graffeo@wgslawyers.com
komsa@wgslawyers.com
williams@wgslawyers.com
*Counsel for Plaintiff/ Counterclaim-Defendant*

Dated:  August 20, 2024

CERTIFICATE OF SERVICE


I hereby certify that on this date, I served a true and correct copy of this document upon counsel of record via the Court's ECF system.



Dated:  August 20, 2024          */s/ Lauren E. Komsa*
                                      Lauren E. Komsa