# WILLIAMS, GRAFFEO & STERN, LLC
ATTORNEYS AT LAW

*Glenn J. Williams* ❖◆☉■
*Brian Graffeo* ❖◆
*David A. Stern* ❖◆
*Robert Selvers* ❖◆
*Lauren E. Komsa* ❖◆▲
*Joseph R. Haftek, Jr.* ❖◆
*Skylar C. Corrao* ❖◆<
*Rachel R. Cohen* ❖◆
*Edward S. Nagorsky* ^+
*Martin Liberman* ❖◆❖+
*Harold I. Steinbach* ❖◆+
*Mark Boyland* ❖◆☉◀+
*Robert S. Roche* ❖+
*Kenneth Kaplan* ❖◆+
*Michael Wechsler* ❖◆+
*Daniel G.P. Marchese* ❖+●
*Len Garza* ❖◆☉+
*Andrew Jacobs* ❖+

60 Washington Street
Courthouse Plaza, Suite 204
Morristown, New Jersey 07960
Tel: 973.200.6350   Fax: 908.566.0777
www.WGSlawyers.com

New York Office:
462 Seventh Avenue, 12th Floor
New York, New York 10018

❖Admitted New Jersey
◆Admitted New York
☉Admitted Pennsylvania
^Admitted Florida
<Admitted Massachusetts
❖Admitted Georgia
▲Admitted California
◀ Admitted District of Columbia
■ Admitted United States Supreme Court
● Certified by Supreme Court of New Jersey as Civil Trial Attorney
+ Of Counsel

December 4, 2024

**VIA ECF**
Hon. Joseph F. Leeson, Jr. U.S. D.J. E.D. Pa.
United States District Court
Eastern District of Pennsylvania
Edward N. Cahn U.S. Courthouse and Federal Building
504 West Hamilton Street, Suite 3401
Allentown, Pennsylvania

> RE: CHRISTOPHER SMITH VS. THE FINTEX GROUP, LLC AND ANDREW WEINSTEIN
> CIVIL ACTION NO. 5:24-CV-02134-JFL

Dear Judge Leeson:

This firm represents Plaintiff Christopher Smith ("Plaintiff") in the above-captioned matter. Please accept this correspondence, submitted in accordance with Your Honor's Individual Policies and Procedures, as a response to the December 3, 2024 correspondence from Defendants Andrew Weinstein and The Fintex Group, LLC ("Fintex") (collectively, "Defendants"), and in support of Plaintiff's request for a Pre-Motion Conference seeking permission to file a Motion to Compel Defendants' Production of Documents.

Plaintiff served Defendants with their First Set of Document Demands and Interrogatories on September 18, 2024. On October 18, 2024, Defendants served their responses and objections. However, rather than providing complete responses by the deadline, Defendants have produced documents on a rolling basis since that time, with no clear indication of what is forthcoming or what will not be produced. This piecemeal approach has created a moving target, making it

exceedingly difficult for Plaintiff to determine what remains outstanding and to effectively assess and address the deficiencies in Defendants' production. However, with less than twenty (20) days left in discovery, it is clear that Defendants' responses and the documents produced to date are woefully inadequate and do not include documents relevant to the claims, defenses and counterclaims in this matter. For many categories of documents sought, Defendants have certified that no responsive documents exist, only to produce responsive documents in subsequent productions. Other categories of documents have been withheld based on the basis of confidentiality, which is particularly unfounded now that the Court has entered a Confidentiality and Protective Order. There is an additionally overarching issue with relevant documents being withheld on the basis of the attorney client privilege, which was addressed in Defendants' letter of December 3, and additionally addressed below.

The parties have held calls and have additionally conferred via email regarding various discovery issues on October 22, 2024, October 23, 2024, November 8, 2024, November 18, 2024, November 20, 2024, November 25, 2024, November 29, 2024, and December 3, 2024. The parties have also entered into a confidentiality agreement concerning the requested documents. Despite these efforts, various issues remain.

## I. DEFENDANTS ARE WITHHOLDING RELEVANT DOCUMENTS

Defendants claim in their Counterclaim that they were forced to incur significant legal due diligence costs as a direct result of Plaintiff's conduct. See e.g. Counterclaim ¶ 34 ("Mr. Smith's foolhardy insistence that ActiveWorx was a "hidden gem" cost Fintex *hundreds of thousands of dollars*—in legal due diligence, technology due diligence, and the cost of the trip to Pennsylvania to meet with ActiveWorx's leadership. Mr. Smith's failed due diligence also created opportunity costs for Fintex—delaying other deals—and risks for the firm. [emphasis in original]").

At the same time, they are claiming that the very documents which would prove or disprove such allegations including emails, retainer agreements, and attorney invoices are privileged. By withholding these documents, Defendants are preventing Plaintiff from accessing the very documents needed to prove or disprove this claim of damages. The legal due diligence completed by Loeb & Loeb, LLC is central to Defendants' counterclaim and therefore must be disclosed. *See Carnegie Hill Fin., Inc. v. Krieger*, No. 99-CV-2592, 2000 WL 10446 (E.D. Pa. Jan. 5, 2000).

In addition, all the documents claimed to be privileged were received by or even authored by Plaintiff. Plaintiff regularly received emails from Loeb & Loeb and is even copied on multiple emails contained within the privilege log. The documents created during Plaintiff's involvement with Defendants should be produced. *See McRae v. Tautachrome, Inc*., 2019 WL 6327582, at *2-4 (D. Kan. Nov. 26, 2019)). We note that although defense counsel previously indicated that Loeb & Loeb invoices would be produced on December 2, no such production has been made.

## II. DEFENDANTS' PRIVLEGE LOG DOES NOT PROVIDE SUFFICIENT DETAIL TO DETERMINE IF DOCUMENTS ARE PROTECTED BY THE ATTORNEY-CLIENT PRIVLEGE

2

The attorney-client privilege extends only to the conversations in which the client seeks legal advice, and the privilege will not apply to business advice or services. *SmithKline Beecham Corp. v. Apotex Corp.*, 232 F.R.D. 467, 479 (E.D. Pa. 2005) (citing to *Kramer v. Raymond Corp.*, Civ. No. 90–5026, 1992 WL 122856, at *1, 1992 U.S. Dist. LEXIS 7418, at *4 (E.D.Pa. May 26, 1992)). Simple business advice is not privileged, even if provided by an attorney. *Winner v. Etkin & Co.,* No. 2:07-CV-903, 2008 WL 5429623 (W.D. Pa. Dec. 31, 2008) (citing to *Ross v. UKI, Ltd.* 2004 WL 67221 (S.D.N.Y. 2004)). Federal Rule of Civil Procedure 26(b)(5)(A) ("Rule 26") provides that the nature of the privileged communications must be described in a manner that will allow other parties to assess the claim. Fed. R. Civ. P. 26.

Defendants' privilege log fails to provide any description of the allegedly privileged material such that would allow Plaintiff to assess whether the communications contain legal advice or simply business advice. Additionally, although requested in discovery, Defendants have not produced the retainer agreement with Loeb & Loeb that would permit Plaintiff to determine the scope of the engagement.  By failing to distinguish between privileged legal advice and non-privileged business advice, Defendants have precluded Plaintiff from documents that are clearly discoverable.

  III. <u>DEFENDANTS CANNOT CREDIBLY ARGUE THAT PLAINTIFF WAS NOT AN EMPLOYEE OF THE FINTEX GROUP, LLC WHILE SIMULTANEOUSLY ASSERTING THAT PLAINTIFF WAS PART OF THE CONTROL GROUP MAKING THE REQUESTED DOCUMENTS PRIVLEGED</u>

Defendants have maintained throughout the entirety of this matter that Plaintiff was neither an employee, officer nor director of The Fintex Group, LLC, yet surprisingly claim Plaintiff was an employee for purposes of the attorney-client privilege. Attorney-client privilege will apply to employee communications when (1) were made to the corporate counsel, acting as such; (2) were made at the direction of corporate supervisors for the purpose of securing legal advice from counsel; (3) concerned matters within the scope of the employees' corporate duties; and (4) the employees were sufficiently aware that they were being questioned in order for the corporation to obtain legal advice. *Upjohn Co. v. U.S.*, 449 U.S. 383, 394-95 (1981). Defendants cannot maintain that Plaintiff was not an employee while at the same time claim that Plaintiff's communications with Loeb & Loeb, LLC were within the corporate attorney client privilege. If Plaintiff was not an employee and did not have decision making capabilities as Defendants claim, then they have waived their privilege as to any communications between Plaintiff and Loeb & Loeb by including a third party (Plaintiff) in the communications.

The burden to prove the application of the attorney client privilege is on the party asserting the privilege. *In re Grand Jury Empaneled Feb. 14, 1978,* 603 F.2d 469, 474 (3d Cir.1979) (citing *United States v. Landof,* 591 F.2d 36, 38 (9th Cir.1978)). Because the attorney-client privilege can obstruct the search for the truth, it must be "strictly confined within the narrowest possible limits consistent with the logic of its principle." *In re Grand Jury Investigation*, 599 F.2d 1224 (3d Cir. 1979). Defendants have not met their burden of proof that the requested documents fall under the attorney-client privilege.

RE: CHRISTOPHER SMITH V. THE FINTEX GROUP, LLC & ANDREW WEINSTEIN
CIVIL ACTION NO. 5:24-CV-02134-JFL

IV. **ADDITIONAL DEFICIENCIES IN DEFENDANTS' DOCUMENT PRODUCTION**

In addition to the documents that have been withheld on the basis of the attorney-client privilege, Defendants' document production remains incomplete and inadequate in numerous critical respects, significantly prejudicing Plaintiff's ability to pursue his claims and defend against Defendants' counterclaims.[1]

In addition to the documents and communications withheld on the claimed basis of attorney-client privilege, Defendants have also withheld internal communications, including emails, text messages, and WhatsApp messages, relating to Plaintiff's role, duties, and compensation. Fo instance, Defendants' counterclaim alleges that Defendant was able to resurrect a deal that Plaintiff had been working on after providing assurances that Plaintiff was no longer associated with Fintex. Counterclaim ¶ 45 ("The CEO of IFI made it clear that he understood Mr. Smith spoke as a control actor for Fintex and that his decision to reengage with Fintex was based on Mr. Laurie's assurance that Mr. Smith was no longer involved in Fintex, SnapB2B, or GPN.") However, all communications with third parties communicating Plaintiff's departure from Fintex have been withheld. Additionally, despite tacitly acknowledging the existence of "temporally relevant" documents such as partnership agreements, Defendants have imposed unilateral temporal limitations in their production without justification and have not confirmed whether additional responsive communications exist. The lack of transparency in their privilege assertions further exacerbates the issue, as many withheld communications include Plaintiff, raising significant questions about whether privilege applies.

In addition, Defendants have failed to produce documents reflecting their financial condition during the relevant time period, such as balance sheets, profit-and-loss statements, and financial projections. These records are directly relevant to Plaintiff's claims concerning unpaid compensation and Defendants' ability to satisfy their obligations, including Defendants' representation after Plaintiff terminated his employment that "when we are in an economic position to do so, we plan to confer economics on you." Similarly, Defendants have not provided board meeting minutes or other corporate governance documents addressing Plaintiff's involvement, contributions, or compensation, despite these being expressly requested.

Finally, Defendants' have failed to produce communications relating to key transactions, such as the HarmoneyPop transaction, which Plaintiff alleges was the culmination of his work at Fintex. These documents are essential to Plaintiff's claims for unjust enrichment.

Defendants' failure to address these deficiencies, despite multiple meet-and-confer efforts, has impeded Plaintiff's ability to prepare for upcoming depositions and delayed the progress of this litigation. Without a complete production of responsive documents, Plaintiff cannot effectively address the claims and defenses at issue.

As a result of the above, Plaintiff respectfully requests a Pre-Motion Conference with Your Honor to discuss its proposed motion to compel Defendants' production of relevant documents.

---

[1] For purpose of brevity, Plaintiff does not include specific requests, responses and deficiencies; however is prepared to submit same upon the Court's request.

RE: CHRISTOPHER SMITH V. THE FINTEX GROUP, LLC & ANDREW WEINSTEIN
    CIVIL ACTION NO. 5:24-CV-02134-JFL

                        Respectfully submitted,

                        **WILLIAMS, GRAFFEO & STERN, LLC**

                        *Brian Graffeo*
                        Brian P. Graffeo, Esq.

cc: All Counsel of Record