GLENN J. WILLIAMS, ESQ. (ATTORNEY ID 69088)
BRIAN P. GRAFFEO, ESQ. (ADMITTED PRO HAC VICE)
LAUREN E. KOMSA, ESQ. (ADMITTED PRO HAC VICE)
**WILLIAMS, GRAFFEO & STERN, LLC**
60 Washington Street
Morristown, New Jersey 07960
(973) 200-6350
*Attorneys for Plaintiff, Christopher Smith*

## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| CHRISTOPHER SMITH, | : |
| | : No. 5:24-cv-2134 |
| Plaintiff, | : |
| | : |
| vs | : |
| | : |
| THE FINTEX GROUP LLC and ANDREW WEINSTEIN | : |
| | : |
| Defendants. | : |

### ORDER

**AND NOW**, this _____ day of _____ 2024, upon consideration of the brief submitted by the parties, **IT IS HEREBY ORDERED THAT**:

1. Defendants **SHALL** provide full and complete responses with relevant documents previously withheld to Plaintiff's First Set of Interrogatories:

    **Interrogatory 5**: For each transaction identified in Interrogatory 3, state whether the transaction resulted in a monetary benefit to Fintex or Andrew Weinstein and the specific nature of such benefit.

1

**Interrogatory 11**: Identify any other individuals, contractors, or employees of Fintex who were promised compensation, equity or benefits by Fintex and/or Weinstein and state whether those individuals received the promised benefits.

**Interrogatory 13**: For each project or transaction mentioned in the counterclaim (ActiveWorx, SnapB2B, IFI, GPN, iStream), Identify all steps taken by Fintex or Weinstein prior to Christopher Smith's involvement in the deal, and describe how those steps changed after Smith's involvement.

**Interrogatory 14**: Identify and describe any specific deficiencies or errors in the due diligence reports or financial models prepared by Christopher Smith that Fintex or Weinstein claim led to losses, including how these deficiencies were discovered and their impact on the projects.

**Interrogatory 18**: Identify all communications or meetings between Fintex, Weinstein, and IFI representatives where Christopher Smith's role or behavior was discussed, including the specific allegations that Smith "alienated" IFI's CEO and caused harm to Fintex' business relationship.

**Interrogatory 19**: Identify and describe any actions taken by Fintex or Andrew Weinstein to address the alleged deficiencies in Christopher Smith's work during his involvement with the ActiveWorx and IFI projects, including any warnings, feedback, or corrective measures.

2. Defendants **SHALL** produce all documents responsive that were previously withheld from Defendant's responses to Plaintiff's Document Demands:

   **Request 3**: All internal communications, including emails, memos, or text messages, between Defendants (including Andrew Weinstein) and any officers,

employees, or agents of Defendants, regarding Plaintiff's role, duties, and expected compensation from January 1, 2023 to the present.

**Request 5:** All documents concerning any communication between Defendants' employees, directors, officers, agents, employees, representatives, agents, officers, or directors regarding the drafting, enforcement or performance of any contracts or agreements between the Parties.

**Request 6:** All communications between Weinstein and Loeb & Loeb between December 1, 2022 and January 22, 2024 relating to or concerning (a) Fintex; (b) Plaintiff; (c) Global Payments; (d) ActiveWorx; (e) SnapB2B; (f) BaiaNet; (g) Kompliant; (h) iStream; (i) Delvo; (k) any other Target.

**Request 7:** All communications between Weinstein and James Laurie relating to or concerning (a) Fintex; (b) Plaintiff; (c) Global Payments; (d) ActiveWorx; (e) SnapB2B; (f) BaiaNet; (g) Kompliant; (h) iStream; (i) Delvo; (k) any other Target.

**Request 8:** All communications between Fintex and Jeffrey Hyman relating to or concerning (a) Fintex; (b) Plaintiff; (c) Global Payments; (d) ActiveWorx; (e) SnapB2B; (f) BaiaNet; (g) Kompliant; (h) iStream; (i) Delvo; (k) any other Target.

**Request 9:** All communications between Weinstein and David Knight Legg relating to or concerning (a) Fintex; (b) Plaintiff; (c) Global Payments; (d) ActiveWorx; (e) SnapB2B; (f) BaiaNet; (g) Kompliant; (h) iStream; (i) Delvo; (k) any other Target.

**Request 10:** All agreements between You and James Laurie relating to or concerning any actual or contemplated financial arrangement, payment or compensation.

**Request 11:** All communications, including email, text messages, and WhatsApp communications between You and James Laurie, relating to, referring to or concerning any actual or contemplated financial arrangement, payment or compensation.

**Request 13:** All agreements and communications between Fintex and any Fintex agent, employee, independent contractor, officer or director (including but not limited to Plaintiff, James Laurie, Jeffrey Hyman and David Knight Legg) relating to, or concerning, compensation, expense reimbursement, or any other form of remuneration or financial obligation for work performed for or on behalf of Fintex.

**Request 15:** All agreements, including drafts thereof, including but not limited to partner agreements, that have been prepared for or executed by any officers, directors, executives, partners, or other individuals working for or on behalf of Fintex.

**Request 10 (Page 13):** All internal communications regarding the hiring, role, or compensation of Plaintiff, and discussions of his performance or contribution to the company.

**Request 11 (Page 13):** A complete .PST export of the email account chris@fintex.group.

**Request 12 (Page 13):** All agreements between or among Fintex and HarmoneyPop.

**Request 14 (Paged 13):** All documents that support the allegation that "Mr. Weinstein and Fintex [used] their own capital to execute the plan, which has

required approximately $6 million to date" as alleged in Paragraph 46 of Your Counterclaim.

**Request 15 (Page 13):** All agreements between You and any third party relating to, referring to, or concerning (a) HarmoneyPop (b) Global Payments (c) SnapB2B; (d) SnapB2B's Licensed Technology or derivative works therefrom, (e) IFI; (f) HarmoneyPop; (g)BaiaNet; (h) Kompliant; (i) iStream; and (j) Delvo.

**Request 16 (Page 13):** All Agreements, between You on the one hand and (a) Global Payments, (b) ActiveWorx, (c) SnapB2B, (d) IFI, (e) HarmoneyPop, (f) BaiaNet, (g) Kompliant, (h) iStream, or (i) Delvo, on the other hand.

**Request 33:** All communications, including emails, texts, or WhatsApp messages, between Defendants and any third parties (e.g., investors, business partners) relating to, referring to or concerning the termination of Plaintiff's involvement with Fintex.

**Request 34:** All documents reflecting Defendant Fintex's financial condition and financial ability to compensate Plaintiff between January 2023 and September 2023, including balance sheets, profit-and-loss statements, or financial projections.

3. Defendants shall produce the above-listed documents **within five (5) days from the entrance of this order**.
4. Plaintiff shall have **thirty (30) days** to conduct discovery related to the newly produced documents.

BY THE COURT:

_____
JOSEPH F. LEESON JR.
United States District Judge